THE STATE v. ALLEN MOORE, Appellant.—33 S. W. (2d) 905.

Division Two, December 31, 1930.

*John E. Heffley, W. N. Linn* and *E. R. James* for appellant.

*Stratton Shartel,* Attorney-General, and *Don Purteet,* Assistant Attorney-General, for respondent.

DAVIS, C.—On May 2, 1929, the prosecuting attorney filed an information in the Circuit Court of Buchanan County, charging that defendant, on February 22, 1922, committed the felony of robbery in the first degree. Tried to a jury, a verdict was returned finding defendant guilty and assessing his punishment at twenty years' imprisonment in the penitentiary. Defendant appealed from the judgment entered on the verdict.

The facts adduced advise that Chris Heller, Sr., conducted a retail butcher shop in the city of St. Joseph at 2144 South Sixth Street. On February 22, 1922, he was sixty-five years of age. On said morning between the hours of six and six-thirty A. M., defendant entered the shop of said Heller, from whom he had previously borrowed money. It appears that Heller held a check of defendant for $50, which Heller had not deposited at the suggestion of defendant. On said morning he requested of Heller a further loan of $40, advising that, in lieu of the $50 check and the $40 loan, he would give him his check for $90. Some words occurred between them with respect to a refusal by Heller to loan defendant more money. Heller

kept his money in a tin box in the shop, and on this morning the box contained between $1500 and $1700 in money. Heller, it appears, brought forth the tin box containing the money. Further words then occurred between the two men, whereupon defendant drew a revolver and fired four shots into the body of the said Heller, later resulting in his death. Thereupon defendant appropriated the tin box containing the money, and departed. The evidence tends to show that Heller died subsequent to defendant's departure. Suffice it to say that a police investigation revealed defendant as the perpetrator of the crimes and he so confessed.

The record shows that on April 28, 1922, the then Prosecuting Attorney of Buchanan County filed an information in the circuit court charging defendant with the crime of murder committed in the perpetration of the robbery of said Heller, on which charge defendant was arraigned and pleaded not guilty. On January 25, 1923, the successor prosecuting attorney filed an amended information, which was an ordinary pleading charging defendant with murder in the first degree. On January 29, 1923, defendant, after first pleading not guilty to the amended information, withdrew his plea of not guilty and entered a plea of guilty to the charge of the amended information. Thereupon the trial court pronounced judgment, and sentenced defendant to imprisonment in the State penitentiary for and during his natural life. In compliance with the judgment, defendant was delivered to the Warden of the state penitentiary, where be remained until he was released under an order of parole by the Governor of Missouri on February 29, 1928. Thereafter, on May 2, 1929, an information was filed, charging defendant with the robbery of Chris Heller, Sr., on February 22, 1922, with the result as heretofore related.

To defendant's plea in bar, setting forth the preceding facts, the trial court sustained a demurrer. Defendant's only contention is that the offense of robbery merged into the offense of murder, and that, having been sentenced for the murder of the said Heller, he has been put twice in jeopardy for the same offense by his prosecution for the robbery of Heller, which grew out of the same occurrence.

I. The sole ground urged by defendant for a reversal of the judgment rests on the postulate that the murder and the robbery of Heller constituted one transaction. He argues that it follows that the offenses were merged, resulting that the prosecution and conviction of defendant for the robbery of Heller, subsequent to the prosecution, plea of guilty and sentence of defendant for the murder of Heller, placed defendant twice in jeopardy for the same offense.

Section 3230, Revised Statutes 1919, is cited to show that murder and robbery, where murder was committed in the perpetration of a robbery, are merged by virtue of the statute. It reads: "Every murder which shall be committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, and every homicide which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or mayhem, shall be deemed murder in the first degree."

Anciently, at common law, no degrees of murder obtained, and all murders were punishable by death. [13 R. C. L. 755.] Our statutes, however, have classified murders into first and second degree, respectively, and the distinction that obtains generally between the degrees is the element of deliberation. The necessary elements in second degree murder are premeditation, willfulness, intent and malice aforethought. To these, in first degree murder, the element of deliberation must be added. But, if the murder is committed while committing or attempting to commit one of the crimes named, the proof of that fact deletes the necessity of proof tending to show deliberation, for the statute renders such a state of facts the equivalent of deliberation. Even though a murder is committed during the perpetration of a robbery, it is not necessary for the State to plead and prove that it was so committed, provided the indictment or information avers and the proof tends to show deliberation. [State v. Nasello, 325 Mo. 442, 30 S. W. (2d) 132.] Section 3230, supra, in our opinion, is without influence upon the postulate and position advanced by defendant.

Our Constitution (Art. II, sec. 23), as well as the common law, proscribes the putting again (or twice) in jeopardy of life or liberty any person for the same offense. Certainly, if defendant had been again tried for first degree murder for the killing of Heller, he could have pleaded successfully former jeopardy, for he would have been tried for the same offense. We also think, although it is unnecessary so to decide, for the questions are not here involved, that the plea of former jeopardy probably would be sustained as to the lesser or lower grades or degrees of homicide or assault necessarily included in and apposite to first degree murder, such as second degree murder, manslaughter, etc., for such lesser degrees are included within the same offense. But murder and robbery are not the same offense, nor does one necessarily emanate from the other. While their common essential element is that of assault, yet they are distinct and separate statutory offenses.

We reiterate that our Constitution and the common law proscribe a second jeopardy for the *same offense.* Murder and robbery are not and cannot be the same offense. It may be that during the same

transaction both offenses are committed, yet they remain separate and distinct offenses and are not the same offense. It may be that on a trial for either offense evidence as to the other offense is admissible as a part of the *res gestae*, but this does not constitute them the same offense. Distinct and separate offenses are not to be held merged because they happen to grow out of the same transaction.

Defendant cites State v. Mowser, 92 N. J. L. 474, 106 Atl. 416, 4 A. L. R. 695, to sustain his position. That case is seemingly predicated on the postulate that the occurrence out of which the offenses issued was one inseparable transaction. This may be called the "same transaction rule." Missouri, according to our decisions, prefers to follow the separate or several-offense rule, and we have held that an offender is not to be exonerated from responsibility for his acts because his desires or passions persuade or impel him to commit two or more offenses during a transaction or occasion. [State v. Martin, 76 Mo. 337; State v. Bobbitt, 228 Mo. 252, 128 S. W. 953; State v. Temple, 194 Mo. 228, 92 S. W. 494.] The general rule on the subject is stated in 8 Ruling Case Law, page 148, section 133, reading: "When a single transaction constitutes two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on the second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second." On the facts stated, the case of Warren v. State, 79 Neb. 526, 113 N. W. 143, is in point, and we think the conclusions therein are sound and in accordance with the general rule. [16 C. J. 272-3, sec. 453.]

It follows that defendant by his acts committed several and distinct offenses and that his prosecution and trial on the charge of robbing Heller, following his plea of guilty on the charge of murdering Heller, did not put him again or twice in jeopardy for the same offense. The judgment is affirmed. *Cooley, C.,* concurs.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.