In re Susi et al.

(No. 73AP-384—Decided November 27, 1973.)

*Messrs. Tyack, Scott & Colley, Mr. Thomas M. Tyack,* for petitioners Rosenell Susi and Mae Diana.

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Miles C. Durfey,* for respondent George C. Smith.

*Per Curiam.* This original action in habeas corpus is before this court upon the motion of respondent, George. C. Smith, prosecuting attorney, to dismiss the complaint upon the grounds that it fails to state a cause of action in habeas corpus. Respondent also contends that he is not a proper party from whom the petitioners should seek relief.

Petitioners rely upon *Owens* v. *Campbell* (1971), 27 Ohio St. 2d 264, in support of their contention that they

have properly brought this action. The syllabus of that case reads as follows:

"The extraordinary original jurisdiction granted to an Ohio appellate court may be invoked to adjudicate the right of an accused to the benefit of the doctrine of collateral estoppel, made applicable to the state as being within the federal constitutional right against double jeopardy by *Ashe* v. *Swenson,* 397 U. S. 436."

While *Owens* was brought in habeas corpus, the Supreme Court made no reference thereto in the syllabus but, rather, referred to "the extraordinary original jurisdiction" of the Court of Appeals. This is significant in light of the statement in the opinion by Justice Schneider, at page 267, that:

"Rather than affirm the trial court on the ground of lack of a proper nominal party or *for failure of appellant to label correctly his invocation of the Court of Appeals' proper original jurisdiction,* we reverse the judgment entered by it * * *." (Emphasis added.)

It is not clear which of the five original writs the Supreme Court felt was proper. It may well have been prohibition inasmuch as Justice Schneider also observed, at page 267: "* * * we do not fear that any officer or judge would consider himself not bound by the adjudication by reason of his absence as a direct party hereto."

As to prohibition, the Supreme Court held in the *per curiam* opinion in *State, ex rel. Woodbury,* v. *Coller* (1972), 31 Ohio St. 2d 195, 196:

"A writ of prohibition is sought to prevent appellee Daniel T. Spitler from proceeding with the prosecution of the appellants' criminal cases. *Prohibition will not lie as to a prosecutor* who is duty bound to proceed to prosecute pursuant to indictment. * * *" (Emphasis added.)

Since here, as in *Owens,* the basic relief sought by petitioners is the prevention of their prosecution upon an indictment returned charging them with a criminal offense, upon the grounds of collateral estoppel, it would appear that prohibition is the proper remedy (although it might be mandamus or procedendo) inasmuch as Justice Schneider stated at the conclusion of his opinion that both the Court of Common Pleas and the prosecuting attorney were bound to dismiss the indictments. See *State, ex rel. Russell,*

v. *Perkins* (1973), 34 Ohio St. 2d 48, wherein prohibition was used to raise the issue of collateral estoppel. Although, as indicated in the opinion in *Owens,* the prosecuting attorney is the *proper counsel* to defend the action, we do not feel he is a *proper party,* especially in view of *Woodbury.* Since he is the sole party respondent, there is no proper party. In *Owens* there was a proper party respondent named, although there were indications that further proper parties should have been named.

From the petition and attached memorandum, it appears that petitioners contend they were tried in Franklin County Municipal Court on March 6, 1972, on charges of keeping a house for gambling purposes in violation of R. C. 2915.01. They further contend that "based upon the same identical transactions, occurrences or series of events" an indictment has been returned charging them with a second offense of "possession of numbers." While the statutory reference made by petitioners is R. C. 2915.11, we assume they intend R. C. 2915.111, which is the section prohibiting possession of tickets, orders, or devises representing an interest in a scheme of chance known as the "numbers game." R. C. 2915.11 prohibits the manufacture, printing, selling, and other disposition of such devices.

R. C. 2915.01 prohibits the keeping of a place (room, building, etc.) to be used for gambling or knowingly permitting it to be used, or renting it to be so used.

A comparison of R. C. 2915.01 with R. C. 2915.111 indicates that a person could easily be found not guilty of a violation of R. C. 2915.01, but guilty of a violation of R. C. 2915.111, even upon the same transactions, occurrences, or series of events. The same would be true if R. C. 2915.11 were involved. Thus, the identical offense is not involved, and there can be no double jeopardy in that sense. However, with respect to collateral estoppel, *Ashe* v. *Swenson* (1970), 397 U. S. 436, requires a court to examine the record, including the pleadings, evidence, charge, and other relevant matter, and determine whether a rational jury could have grounded its verdict upon an issue other than the ones which the accused seeks to preclude from consideration. It is difficult to perceive how an acquittal upon a charge under R. C. 2915.01 could have been predicated

upon a determination that there was no "possession of numbers."

Neither is there any such contention made in that which petitioners have filed. We are even unable to ascertain whether petitioners were found guilty or acquitted of the charge under R. C. 2915.01.

Petitioners merely state they were tried on that charge on March 6, 1972. However, respondent in his memorandum refers to a "conviction under R. C. 2915.01."

The doctrine of collateral estoppel applies only where there has been a finding of not guilty in a trial upon one criminal offense in which the rationally conceivable issues in dispute, determined in favor of the defendant, are also issues in dispute in another separate and distinct criminal offense, arising out of the same circumstances, with which the same defendant is charged. The state is precluded from litigating a second time the issues found adversely to it upon the trial of the first offense. However, collateral estoppel is not applicable where there has been a conviction of the first offense tried. Collateral estoppel does not apply against the state since the issues were not found adversely to it. Here we have separate and distinct offenses even though they may have arisen out of the same occurrences or series of events.

Petitioners have set forth no allegations which, if proved, would establish a claim for relief pursuant to the doctrine of collateral estoppel regardless of which extraordinary original remedy in this court is involved.

They contend they have complied with R. C. 2725.04. However, though they state that a copy of the indictment is attached to their application, we find no such attachment. They have not complied with R. C. 2725.04(D). We find no "copy of the commitment or cause of detention" or facts setting forth why their claimed detention is without legal authority. A copy of an indictment standing alone does not indicate detention, but only the charge. Detention would result from other actions before or after the return of the indictment, or both.

For the foregoing reasons, the motion to dismiss is sustained, and this action is dismissed.

*Motion to dismiss sustained.*

STRAUSBAUGH, HOLMES and WHITESIDE, JJ., concur.