No. 73–6350. MOTON *v.* SWENSON, WARDEN. C. A. 8th Cir. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL join, dissenting.

Petitioner and a companion entered a gas station in St. Louis, Missouri. While his companion held two station attendants at gunpoint, petitioner demanded and obtained money from one attendant; his companion demanded and obtained money from the second. Petitioner was charged in an information with aiding and abetting his companion in the robbery of the second attendant, tried and convicted by a jury in the Circuit Court of the city of St. Louis of robbery in the first

degree by means of a dangerous and deadly weapon, and sentenced to 12 years' imprisonment. Subsequently, petitioner was charged in a separate information with the robbery of the other attendant. He was again tried in the Circuit Court of the city of St. Louis, found guilty of robbery in the first degree by means of a dangerous and deadly weapon, and sentenced to 15 years' imprisonment. In a consolidated appeal, the Supreme Court of Missouri affirmed both convictions. 476 S. W. 2d 785 (1972). Petitioner then sought a writ of habeas corpus in the United States District Court for the Eastern District of Missouri. The District Court, in an unreported decision, dismissed the petition, rejecting the claim that the second prosecution violated petitioner's constitutional protection against double jeopardy. The Court of Appeals for the Eighth Circuit affirmed the dismissal. 488 F. 2d 1060 (1973).

Although both robbery charges clearly arose out of the same transaction or episode, they were prosecuted by the State in separate proceedings. That, in my opinion, requires that we grant the petition for certiorari and reverse, for I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the prosecution, except in extremely limited circumstances not present here, "to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring); see *Smith* v. *Missouri,* 414 U. S. 1031 (1973) (BRENNAN, J., dissenting); *Miller* v. *Oregon,* 405 U. S. 1047 (1972) (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (statement of DOUGLAS, BRENNAN, and MARSHALL, JJ.); *Waller* v. *Florida,* 397

U. S. 387, 395 (1970) (BRENNAN, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432, vacated and remanded, 414 U. S. 808 (1973), adhered to on remand, 455 Pa. 622, 314 A. 2d 854 (1974).