No. 73–5842. CIUZIO v. UNITED STATES. C. A. 2d Cir. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL, join, dissenting.

Successive prosecutions of petitioner and one Cioffi

resulted from an alleged agreement to sell an undercover
agent $500,000 worth of counterfeit 6-cent stamps and
an alleged delivery to the agent of a sample sheet of four
hundred of the stamps. The first prosecution was upon a
two-count indictment that charged the pair in the first
count with having attempted to sell stamps known to be
falsely made, forged, and counterfeited, in violation of 18
U. S. C. § 472, and, in the second count, with conspiracy
to violate the same section. The trial on that indictment
ended with a directed verdict of acquittal on the first
count as to Cioffi, a dismissal of the first count as to peti-
tioner and a mistrial on the second count when the jury
could not agree upon a verdict.

Instead of proceeding to a retrial on the second count,
the Government abandoned its efforts under § 472 and
procured a second indictment under 18 U. S. C. § 501
based upon the very same course of conduct. The sec-
ond indictment was also a two-count indictment, the first
count charging that the pair "knowingly did possess with
intent to use and sell, approximately four hundred forged
and counterfeited postage stamps," in violation of § 501,
and the second count charging conspiracy to violate that
section. The overt acts alleged were the same as in the
first indictment and the evidence at the trials was much
the same.

I

Petitioner and Cioffi unsuccessfully claimed that, since
the second prosecution grew out of the same transaction,
the Double Jeopardy Clause of the Fifth Amendment
barred the second prosecution. In my view the rejec-
tion of this claim was error. I adhere to the position
that the Double Jeopardy Clause requires the prosecu-
tion, except in most limited circumstances not present
here, "to join at one trial all the charges against a de-
fendant that grow out of a single criminal act, occurrence,
episode, or transaction. *Ashe* v. *Swenson,* 397 U. S. 436.

448, 453–454 (1970) (BRENNAN, J., concurring); see *Mullin* v. *Wyoming*, 414 U. S. 940 (1973) (BRENNAN, J., dissenting); *Grubb* v. *Oklahoma*, 409 U. S. 1017 (1972) (BRENNAN, J., dissenting); *Miller* v. *Oregon*, 405 U. S. 1047 (1972) (BRENNAN, J., dissenting); *Harris* v. *Washington*, 404 U. S. 55, 57 (1971) (DOUGLAS, J., concurring).

## II

I would grant certiorari in any event to decide another Double Jeopardy claim argued by petitioner based upon the action of the Court of Appeals for the Second Circuit in remanding for a new trial after reversing the conviction of petitioner and Cioffi under the second indictment, 487 F. 2d 492 (1973).

The substantive § 501 first count alleged possession of the stamps "with intent to use and sell." Shortly before submission of the case to the jury, the indictment was redacted to delete all references to "sell." The redaction was acquiesced in by the prosecution when sought by the defense, apparently because the Government's evidence was insufficient to support the charge of possession with intent to "sell." The case thus went to the jury under instructions limited to the charge of possession with intent to "use." The Court of Appeals held, however, that the instructions defining "use" were erroneous because not confined to use for postal purposes. Instead of remanding for a new trial limited to the "use" charge, as was proper, although the Government's evidence at the § 472 trial may have been insufficient, *Bryan* v. *United States*, 338 U. S. 552 (1950), the Court of Appeals remanded for a trial on the "sell" charge, finding that the Government's evidence on that charge was sufficient to present a jury question of possession with intent to "sell." The Court of Appeals stated:

> "There was no evidence in this case that defendants had any intention to use the counterfeited

stamps for large scale mailing of letters; the evidence was rather that they were intent on a sale. In short, when the judge redacted the indictment, he cut out the wrong word; the case should have been submitted to the jury on the basis of possession with intent to sell rather than possession with intent to use. If the judge's action was based on a belief of insufficiency of the evidence to show possession with intent to sell, he was mistaken. From the evidence presented at trial, the jury could permissibly infer that defendants intended to sell the sheet of 400 counterfeit stamps . . . ." 487 F. 2d, at 500.

The Court of Appeals recognized that, a double jeopardy question was raised by the remand for a trial of the "sell" charge:

"There remains the question whether defendants can be tried again under the same indictment, with the jury this time instructed that it can convict on proof of intent to sell, a charge which the judge erroneously removed from the indictment at the defendants' request and which we direct him to restore. Plainly they can be. It is settled that when a defendant has his conviction, reversed on appeal, the double jeopardy clause does not prevent his retrial for the same offense. . . . We see no tenable distinction between a case like this where defendants have procured a reversal because the judge submitted the indictment to the jury on a wrong theory and one where they procured reversal because the judge submitted a defective indictment." *Id.*, at 501.

The question, however, is whether the trial judge's redaction of the "sell" charge was a directed verdict of acquittal on that charge. The lack of a formal direction

of acquittal is not determinative. *United States* v. *Sisson,* 399 U. S. 267, 279 n. 7 (1970). "[T]he trial judge's disposition is an 'acquittal' if it is 'a legal determination on the basis of facts adduced at the trial relating to the general issue of the case . . . .' " *United States* v. *Jorn,* 400 U. S. 470, 478 n. 7 (1971); cf. *United States* v. *Oppenheimer,* 242 U. S. 85 (1916); *Downum* v. *United States,* 372 U. S. 734 (1963). If it was an acquittal, petitioner did not forgo his constitutional defense of former jeopardy on that charge by successfully appealing his erroneous conviction on the "use" charge. "Conditioning an appeal of one offense on a coerced surrender of a valid plea of former jeopardy on another offense exacts a forfeiture in plain conflict with the constitutional bar against double jeopardy." *Green* v. *United States,* 355 U. S. 184, 193–194 (1957). See also *Price* v. *Georgia,* 398 U. S. 323 (1970); *Benton* v. *Maryland,* 395 U. S. 784, 796–797 (1969).

The Court of Appeals held this principle inapplicable in denying a petition for rehearing. It based its decision on a reading of § 501 as establishing a single offense, 487 F. 2d, at 501. This conclusion itself presents an important question even under Justice Gray's formulation in *Morey* v. *Commonwealth,* 108 Mass. 433, 434 (1871), that the test of a single offense is whether "the evidence required to support a conviction upon one of [the charges] would have been sufficient to warrant conviction upon the other." See, *e. g., Gavieres* v. *United States,* 220 U. S. 338, 342 (1911); *Blockburger* v. *United States,* 284 U. S. 299, 304 (1932). Under that test, there is clearly a question whether the evidence required to support a conviction upon one of the charges would have been sufficient to warrant conviction upon the other, since proof of possession with intent to sell seems to require

proof of a different element from possession with intent to use.

I would grant the petition for certiorari and set the case for oral argument.