No. 73–6535. WELLS *v.* MISSOURI. Sup. Ct. Mo. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL join, dissenting.

On April 28, 1967, petitioner and two companions allegedly robbed the Liberty Loan Corporation office in St. Louis of $200. During the robbery, one of petitioner's confederates fired a shot which killed a bank employee. Petitioner was charged in separate indictments with first-degree murder and first-degree robbery by means of a dangerous and deadly weapon. At the time, the death penalty was available under Missouri law for each of these crimes, with the decision whether it should be imposed committed to jury discretion. Mo. Rev. Stat. §§ 559.030, 560.135 (1959).

Under then-applicable Missouri criminal procedure rules, it was not permissible to join in one indictment or at one trial robbery and murder charges. See Mo. Sup. Ct. Rule 24.04; Mo. Rev. Stat. §§ 545.120, 545.130 (1959). Petitioner was tried first on the murder charge. Missouri punishes as first-degree murder "every homicide which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or mayhem." Mo. Rev. Stat. § 559.010 (1969). While the murder indictment alleged that petitioner murdered the victim "feloniously, willfully, and premeditately, deliberately, on purpose and of . . . malice aforethought," petitioner claims, and the Supreme Court of Missouri, as we read its opinion, found, that the murder case was tried to the jury on a felony-murder theory, with proof of the elements of

the robbery supplying the requisite *mens rea* for murder. Missouri permits trial on a felony-murder theory even though the indictment does not allege the felony but alleges directly the *mens rea* for first-degree murder. *State* v. *Conway*, 351 Mo. 126, 171 S. W. 2d 677 (1943).

Petitioner was found guilty of first-degree murder by the jury, which assessed his punishment as life imprisonment. At the sentencing hearing before the trial judge, petitioner waived his right to appeal the murder conviction and was sentenced to life imprisonment for murder. At the same hearing, he withdrew his not-guilty plea to the robbery charge and entered a guilty plea. The prosecuting attorney then recommended a concurrent life sentence on the robbery conviction, and the judge imposed the recommended sentence.

In 1970, petitioner sought state post-conviction remedies to vacate both the waiver of appeal from the murder conviction and the guilty plea to the robbery charge. After hearing, the trial judge held that, although both the waiver of appeal and the guilty plea were motivated by fear that the death penalty might be imposed if petitioner stood trial for robbery, the waiver and plea were voluntary. The Supreme Court of Missouri affirmed. 504 S. W. 2d 96 (1974).

The Supreme Court of Missouri also rejected petitioner's contention that the prosecution for robbery after conviction for murder on a felony-murder theory violated the constitutional protection from double jeopardy. *Id.*, at 97, relying on *State* v. *Moore*, 326 Mo. 1199, 33 S. W. 2d 905 (1930). In my view this holding was in error.

I

The two charges leveled against petitioner clearly arose out of the same criminal transaction or episode, yet they were tried separately. In that circumstance, we should grant the petition for certiorari and reverse the robbery

conviction. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the joinder at one trial, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Tijerina* v. *New Mexico,* 417 U. S. 956 (1974) (BRENNAN, J., dissenting); *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting); *Moton* v. *Swenson,* 417 U. S. 957 (1974) (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring statement); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432 (1973), vacated and remanded, 414 U. S. 808 (1973), on remand, 455 Pa. 622, 314 A. 2d 854 (1974).

Guilty pleas can be vacated on collateral attack on double jeopardy grounds, even when the double jeopardy claim was not raised before conviction. *Blackledge* v. *Perry,* 417 U. S. 21, 31 (1974). Further, there is no significance in the fact that Missouri law would not have permitted joinder of the two offenses here. If it is state law rather than prosecutorial abuse which results in two trials for the same offense, the "remedy lies in changing [Missouri's] criminal procedure, not in denying petitioner the constitutional protection to which he is entitled.* Petitioner was tried twice for the same offense,

---

*In fact, Missouri's joinder rules have been changed since petitioner was tried. They now permit joinder of "[a]ll offenses which are based . . . on two or more acts or transactions which constitute

and his conviction should be reversed." *Duncan* v. *Tennessee,* 405 U. S. 127, 133 (1972) (BRENNAN, J., dissenting). Cf. *Turner* v. *Arkansas,* 407 U. S. 366 (1972).

## II

Even on the "same evidence" theory, never adopted by this Court, see *Ashe* v. *Swenson, supra,* at 452–453; *Abbate* v. *United States,* 359 U. S. 187, 197–198 (1959) (separate opinion), it is my view that the robbery conviction here violated the double jeopardy protection. The State claims that, since conviction for robbery would require proof that another was deprived of property against his will, it would involve evidence not pertinent to the murder conviction. Yet, it appears from those portions of the record now available to us that the murder conviction was premised upon proof of the completed robbery. We have indicated that a person cannot be tried for a greater offense which includes all the elements already established by evidence in a trial on a lesser offense. *Waller* v. *Florida, supra.* There is also some indication that the same-evidence rule operates in the other direction, to preclude retrial on a lesser offense when all of its elements have been established by evidence in a trial on a greater offense. See *In re Nielsen,* 131 U. S. 176, 187–190 (1889); *Grafton* v. *United States,* 206 U. S. 333, 352 (1907). This case illustrates graphically why this should be so. The prosecution threatened to retry essentially the same case in pursuit of a greater sentence, and it used the leverage of that threatened prosecution to induce the waiver of the right to appeal the murder conviction.

---

parts of a common scheme or plan." Mo. Sup. Ct. Rule 24.04, as amended Dec. 7, 1970.