No. 74–6195. WAUGH *v.* GRAY, CORRECTIONAL SUPERINTENDENT. C. A. 6th Cir. Certiorari denied. Reported below: 508 F. 2d 845.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL join, dissenting.

On November 15, 1969, petitioner was arrested in connection with a burglary in Amberly Village, Ohio. When arrested, he was in possession of a black purse from the burglarized home. On November 17, 1969, petitioner was convicted in Cincinnati Municipal Court of receiving or concealing the black purse. He was sen-

---

*See also note, *supra,* p. 1001.

tenced to 30 days in the workhouse, and $55 in fines and costs were imposed.

After serving the sentence and paying the fines and costs, petitioner was indicted and convicted of burglary in the Hamilton County Court of Common Pleas. The prosecution's crucial evidence was the black purse. Petitioner was sentenced to a term of five to 30 years' imprisonment.

After exhausting available state-court remedies, petitioner sought a writ of habeas corpus in the United States District Court for the Southern District of Ohio, Eastern Division, contending that his conviction for burglary violated the Double Jeopardy Clause. Although the District Court found that both of petitioner's convictions arose out of "a single transaction," the petition was denied. The United States Court of Appeals for the Sixth Circuit affirmed. 508 F. 2d 845.

The two charges leveled against petitioner clearly arose out of the same criminal transaction or episode, yet they were tried separately. In that circumstance, we should grant certiorari and reverse the burglary conviction. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the joinder at one trial, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Wells* v. *Missouri,* 419 U. S. 1075 (1974) (BRENNAN, J., dissenting); *Tijerina* v. *New Mexico,* 417 U. S. 956 (1974) (BRENNAN, J., dissenting); *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting);

*Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring statement); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432, vacated and remanded, 414 U. S. 808 (1973), adhered to on remand, 455 Pa. 622, 314 A. 2d 854 (1974); *State* v. *Gregory,* 66 N. J. 510, 333 A. 2d 257 (1975).

*Rehearing Denied*