11

[The State, ex rel.] Susi et al., Appellants, *v.* Flowers, Judge, Court of Common Pleas of Franklin County, Appellee.

(No. 74-892—Decided July 2, 1975.)

12

*Messrs. Tyack, Scott & Colley* and *Mr. Thomas M. Tyack,* for appellants.

*Mr. George C. Smith,* prosecuting attorney, and *Mr. David J. Graeff,* for appellee.

*Per Curiam.* Appellants assert that their trial on the pending charge is barred by the double jeopardy clauses of the Ohio and federal constitutions, citing *Ashe* v. *Swenson* (1970), 397 U. S. 436, and *Owens* v. *Campbell* (1971), 27 Ohio St. 2d 264.

In *Ashe,* the petitioner and three others were arrested for robbing, and stealing a car from, a group of six poker players. Each defendant was charged with seven separate offenses—the armed robbery of each of the six poker players, and the theft of the car.

The petitioner was brought to trial on a charge of robbing Donald Knight, one of the participants in the poker game, and acquitted. Subsequently, he was tried for robbing another participant in the poker game, a man named Roberts, and convicted.

Upon appeal from the denial of a writ of habeas corpus, the United States Supreme Court reversed the petitioner's conviction, holding that the doctrine of collateral estoppel is part of the Fifth Amendment's guarantee against double jeopardy. At page 446, the court stated:

"The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury had determined by its verdict that the petitioner was not one of the robbers, the state could constitutionally hale him before a new jury to litigate that issue again."

In a concurring opinion, Mr. Justice Brennan, joined by Justices Douglas and Marshall, expressed his view that "the double jeopardy clause requires the prosecution, except in most limited circumstances, to join at one trial all

the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction." *Ashe*, at page 453.

In *Owens*, the appellant therein was indicted for breaking and entering an inhabited dwelling in the night season, assault with a dangerous weapon, and rape. Although the uncontradicted testimony of the victims was that all three offenses had been committed in rapid succession by the same person, the state elected to try the appellant on the breaking and entering charge first. After appellant's acquittal, this court, relying upon *Ashe* v. *Swenson*, ordered the remaining indictments dismissed.

Neither *Ashe* nor *Owens* supports the position taken by the appellants herein, for two reasons.

First, the doctrine of collateral estoppel is not applicable to this case. Collateral estoppel provides that one who has been adjudged not guilty of a criminal charge may not be tried thereafter upon a separate charge arising out of the same event or occurrence. In the present case, the appellants were not acquitted in the initial trial, but convicted.

Second, neither the United States Supreme Court, nor this court, has determined the so-called same transaction test, enunciated by Justice Brennan in his concurring opinion in *Ashe,* to be an essential Fifth Amendment guarantee. See Justice Harlan's concurring opinion, at page 448 of *Ashe, supra*; *State* v. *Ferguson* (1964), 175 Ohio St. 390, 394. We adhere to the mandate of the United States Supreme Court in this regard.

To support the issuance of a writ of prohibition, appellants must show that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power; that the exercise of such power is unauthorized by law; and that refusal of the writ will result in injury for which there is no other adequate remedy in the ordinary course of the law. *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65; *State, ex rel. Lehmann*, v. *Cmich* (1970), 23 Ohio St. 2d 11.

14

Upon the instant record, appellants are not entitled to the extraordinary writ of prohibition, and the judgment of the Court of Appeals, dismissing the complaint, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.