No. 74–6553. VARDAS *v.* TEXAS. Ct. Crim. App. Tex. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner was charged in a two-count indictment; the first count charged robbery by assault, the second count charged robbery by firearms, and the indictment contained an enhancement allegation as to the first count by virtue of a prior conviction. As noted by the court below, both counts related to the same transaction. At petitioner's first trial, on September 5, 1967, the court limited the State to trial on the second count. The trial resulted in a conviction which was subsequently reversed on appeal. 488 S. W. 2d 467 (Tex. Crim. App. 1972). Instead of proceeding to a retrial on the second count of the indictment, however, the State, over petitioner's former jeopardy objection, proceeded to try him on the

first count as compounded by the enhancement allegation which had been abandoned at the 1967 trial. This trial resulted in a conviction which was subsequently affirmed on appeal. 518 S. W. 2d 826 (Tex. Crim. App. 1975).

In my view the rejection of petitioner's former jeopardy claim was error. Cf. *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting). I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the joinder at one trial, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Stewart* v. *Iowa, ante,* p. 902 (BRENNAN, J., dissenting); *Waugh* v. *Gray,* 422 U. S. 1027 (1975) (BRENNAN, J., dissenting); *Wells* v. *Missouri,* 419 U. S. 1075 (1974) (BRENNAN, J., dissenting); *Moton* v. *Swenson,* 417 U. S. 957 (1974) (BRENNAN, J., dissenting); *Tijerina* v. *New Mexico,* 417 U. S. 956 (1974) (BRENNAN, J., dissenting); *Ciuzio* v. *United States, supra* (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring statement); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432, vacated and remanded, 414 U. S. 808 (1973), adhered to on remand, 455 Pa. 622, 314 A. 2d 854 (1974); *State* v. *Gregory,* 66 N. J. 510, 333 A. 2d 257 (1975). I would therefore grant the petition for certiorari and reverse the conviction. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See

*Heller* v. *New York,* 413 U. S. 483, 495 (1973) (BRENNAN, J., dissenting).