No. 74–6176.   STEWART *v.* IOWA.   Sup. Ct. Iowa. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL concur, dissenting.

On September 27, 1971, petitioner was charged in an information filed in the Justice of the Peace Court in Vinton, Iowa, with reckless driving of an automobile in-

---

volved in an accident on September 10, 1971, which resulted in the deaths of two people. On October 12, 1971, the Grand Jury of Benton County, Iowa, indicted petitioner for manslaughter arising from the same set of circumstances as formed the basis of the reckless-driving charge. On December 3, 1971, petitioner was found guilty of reckless driving in Justice of the Peace Court and was sentenced to serve 30 days in the county jail and to pay the costs of the action. Subsequently, petitioner filed a motion to dismiss the manslaughter indictment on the ground that prosecution for manslaughter constituted double jeopardy because of his prior conviction for reckless driving based on the same transaction. The motion to dismiss was overruled, and thereafter petitioner was tried and convicted of manslaughter. Petitioner appealed the manslaughter conviction to the Iowa Supreme Court. That court, divided 5 to 4 on the double jeopardy issue, affirmed the conviction. 223 N. W. 2d 250 (1974).

The two charges leveled against petitioner clearly arose out of the same criminal transaction or episode, yet they were tried separately. In that circumstance, we should grant the petition for certiorari and reverse the manslaughter conviction. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the joinder at one trial, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Waugh* v. *Gray,* 422 U. S. 1027 (1975) (BRENNAN, J., dissenting); *Wells* v. *Missouri,* 419 U. S. 1075 (1974) (BRENNAN, J., dissenting); *Moton* v. *Swenson,* 417 U. S. 957 (1974) (BRENNAN, J., dissenting);

*Tijerina* v. *New Mexico,* 417 U. S. 956 (1974) (BRENNAN, J., dissenting); *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring statement); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432, vacated and remanded, 414 U. S. 808 (1973), adhered to on remand, 455 Pa. 622, 314 A. 2d 854 (1974); *State* v. *Gregory,* 66 N. J. 510, 333 A. 2d 257 (1975).