No. 74–495. SUSI ET AL. *v.* FLOWERS, JUDGE. Sup. Ct. Ohio. Certiorari denied. 

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL concurs, dissenting.

Petitioners were arrested on August 31, 1971, and charged with permitting a room to be used for gambling, a misdemeanor, Ohio Rev. Code Ann. § 2915.01 (Supp. 1972), and with possession of numbers game tickets, a felony, Ohio Rev. Code Ann. § 2915.111 (Supp. 1972). On March 6, 1972, petitioners were tried and convicted of the first charge in the Municipal Court of Franklin County, Ohio. They were subsequently indicted on the felony charge in the Court of Common Pleas of Franklin County, and they filed a motion to

dismiss the indictment as violative of double jeopardy based on the previous conviction for a misdemeanor arising out of the same criminal episode. The trial court overruled the motion to dismiss, and the Court of Appeals dismissed petitioners' complaint seeking habeas corpus. *In re Susi,* 38 Ohio App. 2d 73, 313 N. E. 2d 422 (1973). The same court then dismissed petitioners' motion for a writ of prohibition, and this dismissal was affirmed on appeal by the Ohio Supreme Court. *State ex rel. Susi* v. *Flowers,* 43 Ohio St. 2d 11, 330 N. E. 2d 662 (1975).

Thus, the State seeks to try petitioners on two charges in separate trials, although the charges clearly arose out of the same criminal transaction or episode. In that circumstance, we should grant the petition for certiorari and reverse the denial of petitioners' complaint seeking a writ of prohibition. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the joinder at one trial, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Vardas* v. *Texas, ante,* p. 904 (BRENNAN, J., dissenting); *Stewart* v. *Iowa, ante,* p. 902 (BRENNAN, J., dissenting); *Waugh* v. *Gray,* 422 U. S. 1027 (1975) (BRENNAN, J., dissenting); *Wells* v. *Missouri,* 419 U. S. 1075 (1974) (BRENNAN, J., dissenting); *Moton* v. *Swenson,* 417 U. S. 957 (1974) (BRENNAN, J., dissenting); *Tijerina* v. *New Mexico,* 417 U. S. 956 (1974) (BRENNAN, J., dissenting); *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring statement of Doug-

las, Brennan, and Marshall, JJ.,); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (Brennan, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432 (1973), vacated and remanded, 414 U. S. 808 (1973), adhered to on remand, 455 Pa. 622, 314 A. 2d 854 (1974); *State* v. *Gregory,* 66 N. J. 510, 333 A. 2d 257 (1975).