No. 75–5391.   Dempsey v. United States.   C. A. 5th Cir.   Certiorari denied.

Mr. Justice Brennan, with whom Mr. Justice Marshall joins, dissenting.

Petitioner was charged with conspiracy to possess and distribute cocaine under an indictment that alleged seven overt acts involving petitioner.   Three of these acts were the subject of an earlier indictment charging substantive offenses, and petitioner had pleaded guilty to the substantive indictment before the conspiracy indictment was returned.   Petitioner made a timely claim in the District Court that the conspiracy indictment should be dismissed as barred by the Double Jeopardy Clause and collateral estoppel.   He also argued that he would not have pleaded guilty had he known that the Government would follow with a conspiracy indictment.   His claim was rejected, and his conviction after a jury trial was affirmed on appeal.   *United States* v. *Marshall,* 513 F. 2d 274 (CA5 1975).

The two indictments concerned charges against petitioner that clearly arose out of the same criminal transaction or episode.   In that circumstance, I would grant the petition for certiorari and reverse the conspiracy conviction.   I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment requires prosecution in

one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Susi* v. *Flowers, ante,* p. 1006 (BRENNAN, J., dissenting); *Vardas* v. *Texas, ante,* p. 904 (BRENNAN, J., dissenting); *Stewart* v. *Iowa, ante,* p. 902 (BRENNAN, J., dissenting); *Waugh* v. *Gray,* 422 U. S. 1027 (1975) (BRENNAN, J., dissenting); *Wells* v. *Missouri,* 419 U. S. 1075 (1974) (BRENNAN, J., dissenting); *Moton* v. *Swenson,* 417 U. S. 957 (1974) (BRENNAN, J., dissenting); *Tijerina* v. *New Mexico,* 417 U. S. 956 (1974) (BRENNAN, J., dissenting); *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring statement); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432, vacated and remanded, 414 U. S. 808 (1973), adhered to on remand, 455 Pa. 622, 314 A. 2d 854 (1974); *State* v. *Gregory,* 66 N. J. 510, 333 A. 2d 257 (1975).