No. 75–1201.  RAGANO v. UNITED STATES.  C. A. 5th Cir.  Certiorari denied.

MR. JUSTICE BRENNAN, dissenting.

Petitioner was initially charged in a three-count indictment with (1) attempting to evade income taxes for the year 1967 in violation of 26 U. S. C. § 7201; (2) making a false declaration on his income tax return for the year 1967 in violation of 26 U. S. C. § 7206 (1); and (3) making a false declaration on his income tax return for the year 1968 in violation of 26 U. S. C. § 7206 (1). The latter count charged petitioner with falsely declaring that income from the sale of certain shares of stock

was a long-term capital gain. He was acquitted by a jury of the first two counts, but convicted of the third offense charged. On appeal, the Court of Appeals for the Fifth Circuit reversed the conviction on the third count because of certain trial errors. 476 F. 2d 410 (1973). Prior to the retrial on this count, the grand jury returned a superseding six-count indictment charging petitioner with (1) conspiracy to defraud the United States in the collection of income taxes owed for the years 1966 and 1968 in violation of 18 U. S. C. § 371; (2) attempting to evade income taxes for the year 1966 in violation of 26 U. S. C. § 7201; (3) making a false declaration on his income tax return for the year 1966 in violation of 26 U. S. C. § 7206 (1); (4) attempting to evade income taxes for the year 1968 in violation of 26 U. S. C. § 7201; (5) making a false declaration on his income tax return for the year 1968 in violation of 26 U. S. C. § 7206 (1); and (6) making a false declaration on his income tax return for the year 1969 in violation of 26 U. S. C. § 7206 (1). This indictment charged that the stock transaction referred to above was a sham, intended to disguise a "finder's fee" as income from a stock transaction that petitioner could claim as a long-term capital gain. Count six was severed and dismissed, but petitioner's double jeopardy challenge to the balance of the indictment, to the extent that it went beyond the charges included in the original count three, was rejected. After a jury trial, petitioner was convicted on the remaining five counts, and the Court of Appeals affirmed. 520 F. 2d 1191 (1975).

The superseding indictment in this case includes a conspiracy count and other offenses that were not charged in the original indictment even though they clearly arose out of the same criminal transaction or episode. In this circumstance, I would grant the pe-

tition for certiorari and reverse the counts of petitioner's conviction not encompassed in count three of the original indictment. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment requires prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Dempsey* v. *United States,* 423 U. S. 1079 (1976) (BRENNAN, J., dissenting); *Susi* v. *Flowers,* 423 U. S. 1006 (1975) (BRENNAN, J., dissenting); *Vardas* v. *Texas,* 423 U. S. 904 (1975) (BRENNAN, J., dissenting); *Stewart* v. *Iowa,* 423 U. S. 902 (1975) (BRENNAN, J., dissenting); *Waugh* v. *Gray,* 422 U. S. 1027 (1975) (BRENNAN, J., dissenting); *Wells* v. *Missouri,* 419 U. S. 1075 (1974) (BRENNAN, J., dissenting); *Moton* v. *Swenson,* 417 U. S. 957 (1974) (BRENNAN, J., dissenting); *Tijerina* v. *New Mexico,* 417 U. S. 956 (1974) (BRENNAN, J., dissenting); *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring statement); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432, vacated and remanded, 414 U. S. 808 (1973), adhered to on remand, 455 Pa. 622, 314 A. 2d 854 (1974); *State* v. *Gregory,* 66 N. J. 510, 333 A. 2d 257 (1975).