No. 79–6177. RIVERA *v.* UNITED STATES. C. A. 1st Cir. Certiorari denied. 

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

In December 1976 petitioner was indicted for possessing with intent to distribute one kilogram of heroin, in violation of 21 U. S. C. § 841 (a)(1). He was tried, convicted, and sentenced to 12 years in prison and a 3-year special parole term. Subsequently, petitioner was indicted for con-

spiracy to distribute the same kilogram of heroin, in violation of 21 U. S. C. § 846. He pleaded guilty to the second charge and was sentenced to 14 years in prison and a 3-year special parole term to be served concurrently with the first sentence. Petitioner challenged the second conviction under 28 U. S. C. § 2255, alleging that it was barred by the Double Jeopardy Clause. The District Court denied relief, and the Court of Appeals affirmed.

Indictments for conspiracy and for the underlying substantive offense are indictments arising out of the same criminal transaction. *Dempsey* v. *United States,* 423 U. S. 1079 (1976) (BRENNAN, J., dissenting); *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting). Therefore, I would grant the petition for certiorari and remand with directions that the writ of habeas corpus be granted and the second conviction vacated. I adhere to my view that the Double Jeopardy Clause requires prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein.