No. 81–6171.   BROOKS v. OKLAHOMA.   C. A. 10th Cir.
Certiorari denied.

JUSTICE BRENNAN, dissenting.

During the evening of August 2, 1974, petitioner Alfred
Brooks and a male companion abducted two women at
gunpoint.   After robbing the women, the men took the vic-
tims into a field and shot them, wounding one and killing the
other.   Petitioner was thereafter charged, tried, and con-
victed in District Court, Oklahoma County, Okla., for the of-
fense of murder in the first degree.   He was sentenced to
death.   On appeal, the conviction was affirmed, but the sen-
tence was modified to life imprisonment.   *Brooks* v. *State,*
556 P. 2d 147 (Okla. Crim. App. 1977).   The State later pros-
ecuted petitioner for two additional offenses related to the
events of August 2, 1974: assault and battery with a deadly
weapon with intent to kill, and robbery with firearms.   Peti-
tioner pleaded guilty to both charges, and was sentenced to
two concurrent 20-year terms of imprisonment.   Seeking
postconviction relief in the Oklahoma court, petitioner chal-
lenged the later convictions on double jeopardy grounds, *in-
ter alia.*   Following the denial of relief, which was affirmed
on appeal, Brooks filed a petition for a writ of habeas corpus
in the United States District Court for the Western District
of Oklahoma.   That court dismissed the petition, and the
Court of Appeals for the Tenth Circuit affirmed.

Although all the charges leveled against petitioner arose
out of the same criminal transaction or episode, they were
prosecuted by the State in two separate proceedings.   Ac-
cordingly, I would grant the petition for certiorari, vacate
the judgment of the Court of Appeals, and remand for fur-

ther proceedings.* I adhere to my view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires that except in extremely limited circumstances not present here, "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction" be prosecuted in one proceeding. *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting); *Cousins* v. *Maryland,* 429 U. S. 1027 (BRENNAN, J., dissenting); *Dempsey* v. *United States,* 423 U. S. 1079 (1976) (BRENNAN, J., dissenting); *Susi* v. *Flowers,* 423 U. S. 1006 (1975) (BRENNAN, J., dissenting); *Vardas* v. *Texas,* 423 U. S. 904 (1975) (BRENNAN, J., dissenting); *Stewart* v. *Iowa,* 423 U. S. 902 (1975) (BRENNAN, J., dissenting); *Waugh* v. *Gray,* 422 U. S. 1027 (1975) (BRENNAN, J., dissenting); *Wells* v. *Missouri,* 419 U. S. 1075 (1974) (BRENNAN, J., dissenting); *Moton* v. *Swenson,* 417 U. S. 957 (1974) (BRENNAN, J., dissenting); *Tijerina* v. *New Mexico,* 417 U. S. 956 (1974) (BRENNAN, J., dissenting); *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring statement); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432, vacated and remanded, 414 U. S. 808 (1973), adhered to on remand, 455 Pa. 622, 314 A. 2d 854 (1974); *State* v. *Gregory,* 66 N. J. 510, 333 A. 2d 257 (1975).

---

*Because the Court of Appeals held that "the double jeopardy clause is not applicable in this case," it declined to consider petitioner's "contention that by pleading guilty he did not waive his right to claim dismissal by reason of double jeopardy." App. to Pet. for Cert. A–3. The case therefore should be remanded to permit the Court of Appeals to consider this contention.