**Jorge OCHOA, Plaintiff-Appellant,**

v.

**EMPLOYERS NATIONAL INSURANCE CO. et al., Intervenors-Appellees,**

**Waterman Steamship Corp., Defendant.**

**No. 82–3618.**

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1985.

Owen J. Bradley, Michael R. Guidry, New Orleans, La., for plaintiff-appellant.

Thomas W. Thorne, Jr., New Orleans, La., for Employers & N.O. Stevedores.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before WISDOM, REAVLEY and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Our prior judgment in this case (*Ochoa v. Employers National Insurance*, 724 F.2d 1171 (5th Cir.1984) has been vacated by the Supreme Court, and the case remanded "for further consideration in light of Pub.L. 98–426." *Employers National Insurance v. Ochoa,* —— U.S. ——, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984).

In our prior decision we made two holdings to apply in the case where the recovery from a negligent shipowner is insufficient to reimburse the stevedore employer or compensation carrier and to pay the injured longshoreman's attorney a reasonable fee.

■ First, the costs of litigation include reasonable attorneys' fees as assessed by the district court. Those costs are to be subtracted from the gross recovery, leaving the net for satisfaction of the compensation carrier's lien. In the different case where all of these costs and the full compensation lien could be satisfied out of the recovery from the tortfeasor, the court may not shift to the compensation carrier any part of the longshoreman's attorney fee. *Bloomer v. Liberty Mutual Insurance Co.*, 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980).

Second, after allocating the net recovery to the compensation carrier, the district court should then review the fairness of the positions of the injured longshoreman and his attorney and may make an equitable adjustment of the recovery award between them.

Following our decision Congress enacted the Longshore and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. 98 Stat. 1639. Section 21(c) of this Act amends the statute to read:

If the person entitled to compensation institutes proceedings within the period prescribed in subdivision (b) of this section the employer shall be required to pay as compensation under this Act a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the *net* amount recovered against such third person. *Such net amount shall be equal to the actual amount recovered less the expenses reasonably incurred by such person in respect to such proceedings (including reasonable attorneys' fees).*

33 U.S.C. § 933(f) (amendments emphasized).

■ Section 28 of the 1984 Act made the amendment effective on September 28, 1984 as to claims then pending. We believe the amended law is applicable, prescribing the extent of the compensation the employer is required to pay or recoup while that very issue is the subject of the pending appeal. *See Crowe v. Lucas,* 595 F.2d 985, 993–94 (5th Cir.1979); *Turner v. United States,* 410 F.2d 837, 842 (5th Cir.1969). However, we believe the same disposition of the present case is proper under either the 1972 or the 1984 Acts.

The amended statute now expressly directs a disposition of the compensation lien in accord with the disposition of our first holding in the prior decision. In light of the Supreme Court's writing in *Bloomer* we have read the 1972 statute to this effect. Now the statute is explicit.

Furthermore, we find the following paragraphs in the Joint Explanatory Statement of the Committee of Conference on the 1984 amendment:

The Senate bill and the House amendment both alter the priority for distribution of proceeds in a recovery by judgment or settlement where the employee brings an action against a third party. The Senate bill gives priority to the employer's lien on compensation and medical benefits paid, with the employee retaining any excess first for payment of attorney fees and costs. In a recovery by judgment only, the House amendment guarantees the employee 15 percent of any recovery remaining after reduction for attorney fees and costs, before exercise by the employer of its subrogation lien rights.

\*　　\*　　\*　　\*　　\*　　\*

The Conference substitute establishes the following priority for distribution of proceeds in a recovery by an employee: First, the litigation expenses, including reasonable attorney fees, are satisfied. This may require that the court exercise its discretion to adjust the attorney fee to assure equity for both the employee and his attorney. The compensation lien on the net recovery remains inviolable, consistent with *Bloomer v. Liberty Mutual Insurance Co.,* 445 U.S. 74 [100 S.Ct. 925, 63 L.Ed.2d 215] (1980).

H.R.Rep. No. 1027, 98th Cong., 2d Sess. 36, *reprinted in* 1984 U.S.Code Cong. & Ad. News 2734, 2771, 2786.

The committee says that allocation to the compensation lien from the net recovery (after subtraction of attorney fees and other costs) is consistent with *Bloomer*, as we decided in our prior opinion. It also states an accord with our second holding, permitting an adjustment of the attorney fee to assure equity between the employee and the attorney.

Further explanation of the legislative intent is found in the following statement made by Senator Hatch, a sponsor of the senate bill and a manager on the part of the senate in the committee of conference, prior to the senate's adoption of the conference committee report:

### THIRD PARTY ACTIONS BY EMPLOYEES

The Senate bill amended section 33(f) to establish that compensation paid by an employer shall be a first lien on any proceeds obtained by an employee in a tort suit against a third party. Implicit in this proposal was that the legal expenses of the employee, including attorney fees, would be totally subordinated to the compensation lien. The House amendment essentially reversed the order of priority. It would have permitted the employee to pay his attorney fees and litigation expenses first, before satisfaction of the compensation lien. This would be important where an employer's lien equalled or exceeded the amount recovered in the third party action. The House committee was concerned that an employee might conceivably be worse financially after incurring the expense of a suit than if he never had brought an action at all. In addition, the House committee believed that the employee was entitled to shelter a portion of recovery [15 percent] from any compensation lien. That committee viewed the 15 percent set-aside as comparable to the employer's right under section 33(e)(2) to retain 20 percent of any recovery in excess of litigation expense and compensation liability.

The conference agreement adopts a middle ground. First, it rejects the 15 percent set-aside in the House amendment and modifies current law by eliminating the employer's 20-percent set-aside in section 33(e)(2). Second, it requires that the employee's litigation expenses including reasonable attorney fees, be paid out of any recovery prior to the satisfaction of the compensation lien. It should be stressed though how this rule has special application in the cases where the aggregate of the litigation expenses, the employee's legal fees, and the compensation lien leave the employee with little, if any, recovery. In such circumstances, the conferees found merit in the approach articulated by the court in *Ochoa v. Employers National Insurance Company*, 724 F.2d 1171 (5th Cir. 1984). That case held that where an employee's third party recovery was insufficient to cover both his attorney fee and the compensation lien, the lien was payable out of the net recovery, after costs of litigation, including reasonable attorney fees, were subtracted. The court of appeals emphasized that only reasonable attorney fees were allowed. Thus, where the recovery is insufficient to cover both the attorney fees and the compensation lien, leaving the employee with nothing, the court must evaluate the reasonableness of the fees and make an equitable adjustment as between the employee and his attorney. As noted in *Ochoa*, this approach attempts to do justice to the employee while upholding *Bloomer v. Liberty Mutual Life Insurance Company*, 445 U.S. 74 [100 S.Ct. 925, 63 L.Ed.2d 215] (1980), which forecloses an adjustment of an employer's lien in order to underwrite the attorney fees of the employee.

130 Cong.Rec. S11,626 (daily ed. Sept. 20, 1984) (remarks of Sen. Hatch).

Believing that we are confirmed by the action of Congress, we reinstate our former judgment. The judgment of the district court is reversed and the case remanded for reconsideration and reallocation of

the original recovery consistent with our opinions.

REVERSED and REMANDED.