R.G. SPEAKS

v.

TRIKORA LLOYD P.T., In Personam
the M/V PADANG, her engines and
tackle, In Rem.

Civ. A. No. H–83–860.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 8, 1987.

Atreus M. Clay, Houston, Tex., for plaintiff.

Kenneth D. Kuykendall, Royston, Rayzor, Vickery & Williams, Houston, Tex., for defendant.

Gray H. Miller and Charles Herd, Fulbright & Jaworski, Houston, Tex., for intervenor, Texas Employers Ins. Assn.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CARL O. BUE, Jr., District Judge.

### I. Statement of the Case

This is a cause of action for personal injuries by Plaintiff, R.G. Speaks, against Defendant, Trikora Lloyd, in accordance with 33 U.S.C. § 905(b). Texas Employers' Insurance Association intervened to recover its compensation lien in the amount of $27,918.68. The case was settled between Plaintiff and Defendant for an amount of $20,000.00, but Intervenor refused the settlement disposition. The issue as to the right of Intervenor to recover its full compensation lien was stayed upon request until the Fifth Circuit had decided the case of *Peters v. North River Insurance Company of Morristown, N.J.,* 764 F.2d 306 (5th Cir.1985). Thereafter, the District Court held a hearing and granted Intervenor's Cross Motion for Summary Judgment on April 24, 1986. The Court entered an Order dated June 9, 1986, allowing Intervenor to recover its compensation lien in the amount of $27,918.68.

Defendant, Trikora Lloyd P.T., then filed its Motion for Reconsideration, Motion for

New Trial, and/or Motion for Amended Findings of Fact and Conclusions of Law, and Intervenor filed its response. The Court held a conference on September 22, 1986. The Court refused to change its ruling as to the propriety of granting Intervenor's Cross Motion for Summary Judgment. However, the Court directed Intervenor's attorney to submit Proposed Findings of Fact and Conclusions of Law for consideration. The Intervenor submitted its Proposed Findings of Fact and Conclusions of Law on November 24, 1986.

## II. *Findings of Fact*

1. R.G. Speaks, Plaintiff herein, was employed as a longshoreman by Carlson Stevedores, Inc. on October 1, 1982.

2. On that date Plaintiff was performing longshoring work aboard the M/V PADANG, owned by Defendant Trikora Lloyd P.T.

3. On October 1, 1982, the Plaintiff was in the hold of the ship helping load palletized cargo aboard the vessel when he stepped on a piece of plywood which gave way under him, permitting his leg to fall through and causing Plaintiff's injuries.

4. On the date of Plaintiff's accident, his employer was insured by Intervenor, Texas Employers' Insurance Association, in compliance with the Longshore and Harbor Worker's Compensation Act, (the "LHWCA"), 33 U.S.C. § 901, *et seq.*

5. Pursuant to its obligations under the compensation policy and the LHWCA, Intervenor began making compensation payments to Plaintiff for weekly compensation benefits due him as a result of his accident. The weekly compensation benefits were $9,688.03 from October 1, 1982 to March 27, 1983 and $2,122.66 from March 28, 1983 to May 5, 1983, plus a lump sum payment in the amount of $11,971.01 on or about March 8, 1984.

6. Plaintiff underwent medical treatment for his right leg injury, the cost of which was paid by Intervenor. The amount of such medical expense payments total $4,026.79.

7. The compensation benefits and medical expenses paid by Intervenor as a result of Plaintiff's injury total $27,918.68.

8. Plaintiff filed suit timely against Defendant for personal injuries Plaintiff sustained as a result of the accident in question.

9. Defendant filed its answer denying liability.

10. Intervenor filed its intervention to recover from Defendant reimbursement for compensation benefits paid to Plaintiff and medical expenses incurred in Plaintiff's treatment, both resulting from Plaintiff's accident.

11. Following discovery, counsel for Plaintiff and Defendant entered into settlement negotiations to settle the suit.

12. The suit was set to commence trial on Friday, May 3, 1985. Two days before trial, Plaintiff and Defendant entered into an oral settlement agreement in which Plaintiff would receive $20,000.00 from Defendant in full and final release of Plaintiff's claim. (Defendant Trikora Lloyd P.T.'s Answer to Intervenor's Request for Admission of Facts).

13. The settlement negotiated and entered into between Plaintiff and Defendant was not participated in by Intervenor. (*Id.*).

14. Pursuant to the settlement agreement entered into between Plaintiff and Defendant, Defendant agreed to "take care of the worker's compensation intervention interest." (Defendant's Answer to Request for Admission Number Six).

15. In May of 1985, Defendant and Intervenor were granted their Joint Motion for Stay of Further Proceedings in this suit until such time as the United States Court of Appeals for the Fifth Circuit reached its decision in *Peters v. North River Insurance Company of Morristown, N.J.* Counsel for Defendant and Intervenor agreed that the pending Fifth Circuit opinion in *Peters* would control the dispute regarding reimbursement of Intervenor's compensation lien.

16. Plaintiff executed a full settlement of his cause of action against Defendant in June of 1985 for and in consideration of the $20,000.00 paid to Plaintiff by Defendant.

17. In July of 1985, this Court dismissed Plaintiff's cause of action against Defendant, but retained Intervenor's claim against Defendant.

18. In addition, two oral arguments occurred before the Court considered the issue of Defendant's reimbursement to Intervenor of Intervenor's compensation lien.

### III. *Conclusions of Law*

1. In this case the key legal issue concerns the extent of the right of the compensation carrier (Intervenor) to recover its full compensation lien when the injured longshoreman (Plaintiff) settled his third-party damage suit with the shipowner (Defendant) under the following circumstances:

(a) The settlement terms provided that the Plaintiff and his counsel would be paid and would retain, exclusive of the compensation lien, the sum of $20,000.00 in full and final settlement with the Defendant shipowner. In actuality, the Plaintiff retained $13,108.39, and Plaintiff's counsel received $6,666.66 for legal services and $224.95 in court and deposition costs.

(b) The amount of the compensation lien is $27,918.68 which exceeds the amount of the settlement between the Plaintiff and Defendant.

(c) The Defendant-shipowner agreed as a part of the settlement to "take care of the worker's compensation intervention interest". Defense counsel by affidavit disputed that it owed the full lien, but agreed that Defendant would reimburse the compensation carrier for any amount which the case law required.

(d) The Intervenor did not take part in the final settlement agreement and did not waive its subrogation rights, in whole or in part.

The Court is guided by the Fifth Circuit opinion in *Peters v. North River Insurance Company of Morristown, N.J.,* 764 F.2d 306 (5th Cir.1985), not only because counsel for Defendant and Intervenor were of the view before the decision was published that it would be controlling, but also because the Court, having carefully reviewed the facts of this case and the *Peters* decision, is of the opinion that it is dispositive of the narrow issue of whether a worker and a third-party tortfeasor may settle their dispute independently of the employer's compensation lien.

2. In *Peters,* the facts are similar to those in the case at bar. The third-party action was settled for $60,000.00 without regard for the compensation carrier's lien of $30,000.00 with the defendant agreeing to take care of the worker's compensation intervention. The court recognized that the employer-compensation carrier had a legal subrogation right to be reimbursed from the plaintiff's net recovery, that is, after plaintiff's litigation expenses were deducted, and that no third-party settlement can take place independent of the compensation lien.

3. In the case *sub judice,* the Defendant agreed that it would "take care of the worker's compensation intervention interest." Moreover, the Defendant in this action "orally agreed to reimburse the Plaintiff and his attorney any amounts they were required to reimburse the compensation carrier from the $20,000 settlement in accordance with the decision in *Peters* and other applicable Fifth Circuit authorities." (Defendant Trikora Lloyd P.T.'s Motion for Reconsideration, Page 4).

4. The Intervenor relies on *Peters* to support its position that the Defendant-shipowner in the case at bar effected settlement with the Plaintiff without regard for the compensation lien and then agreed to take care of the workman's compensation interests as in *Peters.* Since *Peters* permitted full recovery of the compensation lien under such an agreement, Intervenor claims the full amount of its lien or $27,918.68. The *Peters* Court further held that while a third-party settlement could not be made independently of the employer's compensation lien which automatically attaches

at this point, it could be agreed as a part of the settlement that the Defendant would pay the amount of the lien directly to the employer. Thus, in *Peters* the plaintiff and his counsel retained $60,000.00, and the third party paid $30,000.00 direct to the employer-insurance carrier in full settlement of the compensation lien.

The Defendant-shipowner reads *Peters* somewhat differently. In an affidavit defense counsel admits that he agreed that Plaintiff and his counsel would keep the $20,000.00 settlement and pay no part of the compensation lien, but he denies that he agreed to reimburse the compensation carrier for the full lien. Instead he agreed on behalf of the Defendant-shipowner in the third-party settlement to "take care of the worker's compensation intervention interest". Relying primarily on *Ochoa v. Employer's National Insurance Company*, 754 F.2d 1196 (5th Cir.1985), the Defendant cites language in the opinion which causes counsel to conclude that the maximum compensation amount which the shipowner must pay is $13,108.39. Presumably, this figure is arrived at by deducting the attorney's fees of $6,666.66 and court and deposition costs of $224.95 from the $20,000.00 paid in full settlement of the third-party action.

5. By virtue of the Longshoremen's and Harbor Workers' Compensation Act the costs of industrial accidents are allocated through a compromise between the rights of employees and employers, and an injured worker is entitled to "prompt and certain" compensation benefits from his employer even if the employer is not to blame for the accident. *Peters v. North River Insurance Company of Morristown, N.J.*, 764 F.2d at 310, citing *Louviere v. Shell Oil Co.*, 509 F.2d 278, 283 (5th Cir.1975), *cert. denied*, 423 U.S. 1078, 96 S.Ct. 867, 47 L.Ed.2d 90 (1976). The benefits paid by the employer or the employer's insurer constitute the employer's exclusive liability for the longshoreman's injuries. *See* 33 U.S.C. § 905(a).

■ 6. Pursuant to the LHWCA, 33 U.S.C. § 933(a), the injured worker may receive compensation benefits from his employer or his employer's insurer, and he may also recover damages against third parties. *See* 33 U.S.C. § 933(a). The Act is intended to provide covered employees with the benefits of workmen's compensation without depriving them of the right to be compensated for their injuries by negligent third parties or eliminating the incentive for third parties to provide longshoremen a safe place to work. *Perez v. Arya Nat. Shipping Line, Ltd.*, 468 F.Supp. 799 (D.C.N.Y.1979), *affirmed* 622 F.2d 575 (1980), *affirmed*, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981), *rehearing denied*, 453 U.S. 923, 101 S.Ct. 3160, 69 L.Ed.2d 1005 (1981).

■ 7. Turning to the applicability of *Peters*, the agreements as to the liens entered into by the Defendants in both cases are similar, if not identical. Further, it is apparent that as a part of the settlement of the case at bar the Defendant was in accord that Plaintiff and his attorney would pay no part of the compensation lien and that the Defendant would reimburse the compensation carrier for any amount which the case law required. Since the third-party settlement was concluded without regard for the compensation lien and since there was no waiver, in whole or in part, by the compensation carrier, the full lien of $27,918.68 automatically attaches as a matter of law. As in *Peters*, the effect of the settlement terms is simply to transfer the obligation to reimburse the employer-insurance carrier from the Plaintiff to the Defendant-shipowner.

8. The Fifth Circuit in *Peters* provided a detailed discussion of the rights of the injured worker, the compensation carrier, and the alleged tortfeasor under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 933. The *Peters* court cites *The Etna*, 138 F.2d 37 (3d Cir.1943) and *Allen v. Texaco, Inc.*, 510 F.2d 977, 979–80 (5th Cir.1975) as standing for the proposition that the employer has a subrogation right to be reimbursed from a worker's net recovery from a third party for the *full amount of compensation ben-*

*efits already paid* (emphasis supplied). The *Peters* court further holds that the employer may intervene in the worker's suit and assert a lien on the worker's recovery *to the extent of the compensation benefits it has paid* (emphasis supplied). 764 F.2d at 312.

9. The Court is not persuaded by the Defendant's argument that by virtue of the Fifth Circuit decision in *Peters* the Intervenor in the instant action is only entitled to reimbursement of the net recovery of the injured Plaintiff, *i.e.*, $13,108.39, without proof of the Defendant's negligence in accordance with 33 U.S.C. § 905(b). The Longshoremen's and Harbor Workers' Compensation Act compensation scheme makes clear that two distinct third-party causes of action may arise when a worker covered by the Act is injured through the fault of someone other than his employer: (1) the workers cause of action for injury to himself and (2) the employer's independent cause of action for injury to itself. *Peters*, 764 F.2d at 316.

10. There is nothing in the Act or in the decisions construing the employer's subrogation interest in the worker's third-party recovery to indicate that in order to allow the employer to recoup compensation payments, Congress intended to split the worker's cause of action into two separate claims. *Id.* Settled law holds that the worker's cause of action should be treated as a single, unitary cause of action for almost every purpose. *Id.*

11. A compensation lien may not be defeated by separating the worker's third-party cause of action into two component parts for settlement purposes. *Id.* at page 318. In the action at bar, the Defendant has attempted to separate the claim into two component claims by settling with the Plaintiff exclusive of the compensation lien and then asserting that under *Ochoa* the compensation carrier is only entitled to the amount obtained by the Plaintiff as a net recovery.

12. In *Ochoa v. Employers National Insurance,* the Fifth Circuit considered the question of payment of attorney's fees in a case where the recovery from a negligent shipowner was insufficient to pay the injured longshoreman's attorney a reasonable fee and to reimburse the stevedore employer or compensation carrier its full lien. The *Ochoa* Court ruled that in such a case the employee's litigation expenses including reasonable attorney's fees are to be paid out of any recovery prior to the satisfaction of the compensation lien. The Court in *Ochoa* reasoned that where the recovery is insufficient to cover both the attorney's fees and the compensation lien, the Court must evaluate the reasonableness of the fees and make an equitable adjustment as between the employee and his attorney. *Ochoa v. Employers Nat. Ins. Co.,* 754 F.2d at 1198. The Fifth Circuit in *Ochoa* attempted to do justice to the employee while upholding *Bloomer v. Liberty Mutual Life Insurance Company,* 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980), which forecloses an adjustment of an employer's lien in order to underwrite the attorney's fees of the employee.

The Defendant in the action at bar contends that, even absent a specific waiver by the compensation carrier of its subrogation rights and absent an agreement by the compensation carrier to reduce its compensation lien, the compensation lien is, nonetheless, automatically reduced by an agreement reached by a worker and a third party tortfeasor by virtue of the Fifth Circuit decisions in *Peters* and *Ochoa.* The Defendant's argument though well-meaning is misdirected. None of the parties dispute that the Intervenor did not reduce its compensation lien either by waiver or by an agreement. Therefore, the Court must assess whether the settlement agreement reached by the Plaintiff and the Defendant-shipowner falls into the type of settlement contemplated by the Court in *Ochoa.*

13. The allocation of the recovery by a worker from a third party results in the following order of priority of distribution:

(1) Litigation expenses including a reasonable attorney's fee are deducted;

(2) The insurance carrier's compensation lien including the amount of compensa-

tion and medical payments already paid are deducted;

(3) The worker retains what is left, if anything.

*Ochoa,* 754 F.2d at 1177. The Defendant's argument that the compensation lien should be limited to the worker's net recovery flies in the face of Section 33 of the Act, 33 U.S.C. § 933 and the applicable law. The law makes clear that the compensation insurer shall recover *in full* its payments from the *total* recovery obtained by the injured workman from a third party defendant. *Peters,* 764 F.2d at 312.

14. The short answer to this dispute is that this is not an *Ochoa* case. If it were, the Plaintiff would retain nothing, and after his reasonable litigation expenses were deducted, the balance would be automatically applied towards satisfaction of the compensation lien. Defendant-shipowner eliminated any *Ochoa* situation when it agreed that the Plaintiff could keep his third-party recovery exclusive of the compensation lien. In terms of the order of priority of distribution listed above, in order for the Plaintiff to keep $13,108.39 under (item (3)), the litigation expenses (item (1)), and the compensation lien (item (2)), must be fully satisfied beforehand.

### IV. *Conclusion*

In keeping with the United States Supreme Court decision in *Bloomer v. Liberty Mutual Insurance Co.* and the Fifth Circuit rulings in *Peters* and *Ochoa* as well as the settlement agreement entered into between the Plaintiff and the Defendant and absent an explicit waiver by the Intervenor of its subrogation claim, the settled law compels the Court to require the Defendant, Trikora Lloyd P.T., to reimburse the Intervenor its full compensation lien in the amount of $27,918.68.

In the event the foregoing Findings of Fact also constitute Conclusions of Law, they are adopted as such. In the event the foregoing Conclusions of Law also constitute Findings of Fact, they are adopted as such.

Counsel will prepare and submit an appropriate judgment within twenty (20) days

incorporating these Findings of Fact and Conclusions of Law. In view of the agreement by counsel to await the appellate decision in *Peters,* the Court will not entertain Intervenor's request for prejudgment interest and attorney's fees.