DONNER, AMY STEELE, Associate Judge.
Appellant (defendant) Justin Pierce appeals a grant of final summary judgment in favor of appellee (plaintiff) Insurance Company of North America as subrogee for Susan Troubestztoy. We reverse.
Susan Troubestztoy, Pierce’s employer, provided workers’ compensation insurance to Pierce through CIGNA, a division of Insurance Company of North America (INA). On June 9, 1989, Pierce was injured during the course of his employment while in an establishment named the Sailfish Club. Pierce instituted suit against the Sailfish Club, which was insured by Fireman’s Fund Insurance Company.
Pursuant to the Longshore and Harbor Workers’ Compensation Act, 33 U.S.C.A. §§ 901-950 (1988) (LHWCA), INA paid Pierce $28,049.10 in worker’s compensation benefits for his medical care. On June 29, 1990, INA, through CIGNA, notified Fireman’s Fund that they had paid Pierce’s medical bills, and that they understood that the Sailfish Club’s negligence was the cause of Pierce’s accident. INA requested reimbursement for the money they had expended for Pierce’s care.
Pierce settled his suit with Fireman’s Fund. On March 7, 1991, as part of the settlement, Pierce signed a release in which he agreed to use the settlement proceeds to satisfy “all liens whatsoever placed upon these funds by any other party, including any claims made by any insurance carrier for personal injury protection benefits, worker’s compensation benefits, and medical payment benefits.” (Emphasis added).
From 1990 through 1992, INA and Fireman’s Fund exchanged letters concerning the worker’s compensation lien. On March 11, 1992, a letter was sent to Pierce’s counsel notifying them that INA’s lien remained unpaid, and that, according to the terms of the settlement agreement between Pierce and Fireman’s Fund, Pierce remained liable for that payment.
INA continued to demand payment from Fireman’s Fund, taking the position that they expected Fireman’s Fund to pay them regardless of the release and indemnification between Fireman’s Fund and Pierce. INA argued that at the time of the settlement, Fireman’s Fund was on notice of the lien but failed to satisfy it or make INA a party to the release. In September 1993, INA, as subrogee of Susan Troubestztoy, filed suit against the Sailfish Club demanding reimbursement for the monies paid for Pierce’s medical care.
On April 19, 1994, the Sailfish Club filed a third-party complaint against Pierce, alleging that Pierce breached the terms of the release agreement by failing to satisfy INA’s outstanding lien. On July 15, 1995, over a year later, and more than four years after the settlement agreement, INA moved to amend its complaint to add Pierce as a defendant. The trial court granted INA’s motion on August 24,1995.
Pierce objected to INA’s motion to add him as a defendant, arguing that this action was barred by the statute of limitations. The trial court nonetheless permitted Pierce to be added as a defendant. In his answer Pierce admitted that he was responsible for satisfying subrogated liens but denied that INA had such a lien. As an affirmative defense, Pierce claimed that he had not received notice of INA’s claim of indemnification at the time of the settlement and that the doctrines of estoppel and laches barred INA’s suit against him.
Sailfish Club moved for summary judgment against INA, alleging that § 933(b) of the LHWCA does not provide for the right of subrogation of a carrier against a third party after the insured employee sues on his claim and collects for alleged negligent conduct, whether in judgment or settlement. The trial court granted Sailfish Club’s motion for summary judgment. Only INA and Pierce remained in the suit.
*829 INA then moved for summary judgment against Pierce, alleging that pursuant to the LHWCA it paid Pierce benefits for injuries, and Pierce had collected a settlement from the Sailfish Club for those same injuries, thereby receiving a double recovery. INA claimed that they were therefore entitled to recover the $28,049.10 as the amount they paid for medical expenses. The trial court granted summary judgment in favor of INA, and this appeal follows.
Although the LHWCA does not specifically provide for an employer or his insurer’s lien against employees who recover from a third-party tortfeasor, “courts have uniformly held ... that the employer has a subrogation right to be reimbursed from the worker’s net recovery from a third party for the full amount of compensation benefits already paid.” Peters v. North River Ins. Co., 764 F.2d 306 (5th Cir.1985).
The Peters court held that the intervenors’ [in that case the employer and the subrogor insurance company] right to recoup compensation constituted a lien that automatically attached to funds received at settlement. Similarly in Taylor v. Bunge Corp., 845 F.2d 1323 (5th Cir.1988), the court held that an employer, by paying statutory compensation, acquires a lien in the amount of that compensation against any recovery the injured worker may obtain from the tortfeasor and that when a settlement is involved, the employer’s lien attaches to the settlement fund.
Pursuant to the LHWCA, the insurance earner is subrogated to all the employer’s rights when the insurance carrier has paid the worker’s compensation benefits. See Speaks v. Trikora Lloyd P.T., 650 F.Supp. 958 (S.D.Tex.1987), and cases cited therein. It is apparent that INA had a claim of a lien for worker’s compensation benefits paid, and that this lien attached to the settlement proceeds.
The real issue before this court, however, is whether INA properly added Pierce as a direct defendant on July 15, 1995, or whether the statute of limitations or the doctrines of estoppel and/or laches bar INA’s claim.
The LHWCA does not provide a time limitation on actions on liens. However, there is persuasive case law which has applied state statutes of limitations to federal statutes which do not contain statute of limitations provisions. See Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) (applying Louisiana’s statute of limitations to an action brought under the Outer Continental Shelf Lands Act (OCSA), which did not contain its own statute of limitations, pursuant to provision of OCSA which provided that laws of the states should also be applied provided they are not inconsistent with federal law), overruled on other grounds, Harper v. Virginia Dep’t of Taxation, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); International Union, United Auto., Aerospace and Agr. Implement Workers of America (UAW), AFL-CIO v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (applying state statute of limitations where the Labor Management Relations Act did not contain a provision for limitations on causes of actions pursuant to that Act); see also Klehr v. A.O Smith Corp., — U.S. -, -, 117 S.Ct. 1984, 1995, 138 L.Ed.2d 373 (1997) (Scalia, J., dissenting); Arif v. AT&T, 959 F.Supp. 1054, 1060 (E.D.Ark.1997). We believe that such law is applicable in this instance, and apply the Florida state statute of limitations to the LHWCA.
Pursuant to section 95.031, Florida Statutes (1997), “the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.” A cause of action accrues when the last element constituting the cause of action occurs. § 95.031(1). INA’s cause of action against Pierce accrued when the settlement between Fireman’s Fund and Pierce occurred and the lien attached. See Taylor. The settlement was the last element constituting the cause of action.
Section 95.11 sets forth the statutes of limitations for causes of actions. We look to this section to determine what statute of limitations we should apply to this cause of action under the LHWCA. This section provides in relevant part that:
*830 Actions other than for recovery of real property shall be commenced as follows:
(2) Within five years-
[[Image here]]
(b) A legal or equitable action on a contract, obligation or liability founded on a written instrument ...
[[Image here]]
(3) Within four years -
[[Image here]]
(k) A legal or equitable action on a contract, obligation, or liability not founded on a written instrument, including an action for the sale and delivery of goods, wares, and merchandise, and on store accounts.
[[Image here]]
(p) Any action not specifically provided for in these statutes.
§ 95.11(2), (3)(k), (p).
INA’s claims arise from an action not founded on a written instrument,[1] therefore this court applies a four year statute of limitations. INA’s lien attached and their cause of action arose when Fireman’s Fund and Pierce settled on March 7, 1991. Thus, the statute of limitations ran on INA’s lien on March 7, 1995, four years after the settlement date.
As a result, this court holds that the trial court erred in allowing INA to join Pierce as a defendant to this lawsuit. At the time INA sought to have him joined, the statute of limitations on INA’s cause of action against Pierce had run, leaving INA with no recourse against Pierce. INA was aware of the settlement perhaps as early as March 1991, yet it did not act until July of 1995. This delay has cost INA its cause of action against Pierce.
As a result, the judgment of the lower court is REVERSED AND REMANDED.
WARNER and FARMER, JJ., concur.

. Since INA was not a party to the original settlement agreement, this court finds that their action was not based on an obligation founded on a written instrument. Therefore, the five year statute of limitations does not apply to this action. This court also notes that regardless of whether the action was for indemnification or subrogation as the parties argue, the statute of limitations on INA’s action has run.