OPINION AND JUDGMENT ENTRY
This case is on appeal from the February 5, 1999 judgment of the Huron County Court of Common Pleas which granted the motion of appellee to dismiss the indictment brought against him. Appellant, the state of Ohio, appeals presenting the following sole assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION TO DISMISS ON THE BASIS OF COLLATERAL ESTOPPEL."
Appellee was indicted on July 31, 1998 on three counts of child endangering, in violation of R.C. 2919.22(A), (B)(1), and (B)(2). The alleged acts occurred between June 1, 1998 and July 24, 1998. On November 17, 1998, appellee moved to dismiss the charges against him on the grounds of res judicata and/or collateral estoppel. Appellee argued that in a juvenile case involving the same allegations, the court found that the allegations of abuse had not been proven. Appellant argued that collateral estoppel, or issue preclusion, was not applicable in this case because there was no mutuality of parties between the two cases. It argued that the juvenile case was initiated by the County Department of Human Services, not the state of Ohio.
The trial court initially denied the motion to dismiss because appellee failed to provide the court with a copy of the judgment entry entered in the juvenile case. Appellee then filed a second motion to dismiss attaching copies of the transcript of proceedings and the judgment entry from the juvenile case. The juvenile court stated in its judgment entry that it had found "that the complaint allegations were not proven beyond a reasonable doubt; * * *" and dismissed the case.
By an order journalized February 5, 1999, the trial court granted appellee's motion to dismiss. The court found that there was privity between the County Department of Human Services and the state of Ohio.
On appeal, appellant argues that the application of the doctrine of collateral estoppel in a criminal action is appropriate only when the defendant was placed in jeopardy in the prior case. It argues that this was not the situation in this case because the juvenile case was a civil case. This issue is one of first impression in Ohio.
In the criminal context, collateral estoppel has been defined to mean that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."Ashe v. Swenson (1970), 397 U.S. 436, 443. See, also, State v.Lovejoy (1997), 79 Ohio St.3d 440, 443. Although equitable estoppel originated as a civil doctrine, it was adopted as a rule of federal criminal law as early as 1916. Today, it is also viewed as being "embodied in the Fifth Amendment guarantee against double jeopardy." Ashe, supra at 445. The doctrine of collateral estoppel and the guarantee against double jeopardy of theFifth Amendment are applicable to the states through theFourteenth Amendment to the United States Constitution. Lovejoy, supra, at 443.
Since the doctrine of criminal collateral estoppel is derived from the Double Jeopardy Clause of the Fifth Amendment, the defendant must have been placed in jeopardy in a prior criminal case for the doctrine to be applicable in the current action. Ashe, supra at 443; State v. Phillips (1995), 74 Ohio St.3d 72,80, reconsideration denied (1995), 74 Ohio St.3d 1485; and In re Susi (1973), 38 Ohio App.2d 73, 76, certiorari denied,Moretti v. Ohio (1975), 420 U.S. 928.
The doctrine is also applicable in a criminal action where the prior proceeding was civil in nature. Yates v.United States (1957), 354 U.S. 298, 336, overruled on other grounds in Burks v. United States (1978), 437 U.S. 1. However, in those cases, the civil action was similar to a criminal action and a criminal-type penalty was imposed causing double jeopardy to attach in the civil case. Hudson v. United States (1997),522 U.S. 93. Whether the civil action sanction is a criminal penalty is a matter of statutory construction, a legal issue for the court to determine. Id. and One Lot Emerald Cut Stones and One Ring v.United States (1972), 409 U.S. 232, 237.
In this case, the juvenile statutes governing termination of parental rights do not impose criminal-type penalties upon the parents. The General Assembly expressly stated that the purpose of R.C. Chapter 2151 is to "provide for the care, protection, and mental and physical development of children subject to Chapter 2151 of the Revised Code" and to do so "* * * whenever possible, in a family environment, separating a child from his parents only when necessary for his welfare or in the interest of public safety. * * *" R.C. 2151.01(A)(C). Thus, there was no intention to punish parents for poor parenting skills. This court did state on one occasion that the termination of parental rights is a "penalty for failure to satisfy the requirements of a particular case plan * * *." In the Matter ofAmanda W. (Nov. 21, 1997), Lucas App. No. L-97-1058, unreported. However, the word "penalty" was used in the sense of "consequence," not "criminal penalty."
Appellee correctly states that parenting is a fundamental liberty interest. Therefore, they are entitled to the constitutional guarantees of due process and equal protection.State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6, paragraph two of the syllabus. However, we cannot find any court which has held that the constitutional guarantee against double jeopardy applies to a parental termination case.
We also disagree with appellee that another Ohio court has held that a civil judgment may be the basis of a collateral estoppel in a criminal proceeding. In State v. Bray (Jan. 14, 1998), Summit App. Nos. 18375 and 18398, unreported, the court was faced with the application of collateral estoppel from a civil to criminal case. The court held that collateral estoppel could not be applied because the issue decided in the civil case did not necessarily determine the issue in the criminal case. The court did not hold that collateral estoppel could be used in such a situation; it merely found that it would not apply because the issues were different. We do not interpret this case as implicitly holding that collateral estoppel may be used in this manner.
Finally, we find that the Kentucky case of Gregory v.Commonwealth (Ky. 1980), 610 S.W.2d 598, 600, cited by appellee does not support appellee's case even if we accepted the reasoning of the court. In the Gregory case, the court concluded that the doctrine of collateral estoppel could be applied in a criminal case where the prior case was a civil case. Id. at 600. However, the court went on to state that the doctrine was not applicable in that case. In the prior civil case, a juvenile court determined that there was insufficient evidence to indicate that Gregory's children had been sexually abused by him. The Kentucky Supreme Court did not permit this finding to be used to bar prosecution of Gregory for criminal charges arising out of the same facts. The court held that the issue of Gregory's guilt or innocence had not been resolved by the juvenile court. Furthermore, the court found that the juvenile court's factual findings regarding Gregory's abuse of his children were not essential to its finding that the children should be committed to the Department for Human Resources.
The Sixth Circuit similarly found that the judgment in a probation revocation hearing did not bar a later prosecution for a criminal offense arising out of the same conduct. The court reasoned that the decision in the probation revocation hearing was "not a `valid and final judgment' on the probationer's involvement in alleged criminal activities * * *." United States v. Miller
(C.A.6, 1986), 797 F.2d 336, 341.
In the case before us, the juvenile court action was not the type of civil action wherein double jeopardy attaches. Therefore, we conclude that the doctrine of collateral estoppel is not applicable in the criminal action to bar appellee's prosecution for a criminal offense arising out of the same conduct at issue in the juvenile case. The trial court's granting of appellee's motion to dismiss was erroneous. Appellant's sole assignment of error is well-taken.
Having found that the trial court did commit error prejudicial to appellant, the judgment of the Huron County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this decision. Pursuant to App. R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J. _______________________________ JUDGE James R. Sherck, J. _______________________________ JUDGE Richard W. Knepper, J. _______________________________ JUDGE CONCUR.