THE STATE, EX REL. DUGANITZ, APPELLANT, *v.*
COURT OF COMMON PLEAS OF CUYAHOGA COUNTY
ET AL., APPELLEES.

[Cite as State, ex rel. Duganitz, v. Court (1982),
69 Ohio St. 2d 270.]

(No. 81-518—Decided February 19, 1982.)

272

*Mr. Jonathan N. Garver* and *Mr. William L. Summers,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Jeffrey Posner,* for appellees.

*Per Curiam.* Appellant seeks to have this court review and determine the legality of Judge Harris' actions herein. Prior to

reaching the merits of the instant cause, however, we must resolve the threshold question of whether under the facts of this cause, prohibition is an appropriate remedy.

This court has consistently held that in order for prohibition to lie, three requirements must be satisfied: " * * * (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State, ex rel. McKee, v. Cooper* (1974), 40 Ohio St. 2d 65, paragraph one of the syllabus; *State, ex rel. Susi, v. Flowers* (1975), 43 Ohio St. 2d 11; *State, ex rel. Bell, v. Blair* (1975), 43 Ohio St. 2d 95. Accord *State, ex rel. Rhodes, v. Solether* (1955), 162 Ohio St. 559.

We have also held that "prohibition cannot be used as a substitute for appeal." *State, ex rel. Crebs, v. Court of Common Pleas* (1974), 38 Ohio St. 2d 51, 52.

Under the facts of this case, appellant has an adequate remedy at law by way of appeal. See, *e.g., In re Whittington* (1969), 17 Ohio App. 2d 164. Accordingly, we hold that the Court of Appeals did not err in refusing to issue the writ of prohibition. The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KRUPANSKY, J., not participating.