I respectfully dissent from the plurality opinion. I agree that the juvenile court properly handled the mandatory transfer of the attempted murder charge. I also agree that the juvenile court did not make a finding of probable cause before transferring the two counts of felonious assault as required by R.C. 2151.26(C)(4)(b) and therefore erred. However, unlike the plurality, I do not find the error is cured by the grand jury indictment on two counts of felonious assault. Instead, I find, as to the counts of felonious assault, the juvenile court should have followed the procedures set forth in R.C. 2151.26(C) concerning discretionary transfer. I base this conclusion on the legislative history of the statute. It is clear the General Assembly intended to overrule the holding in State v. Adams. Section 3(B), Am.Sub. H.B. No. 1 provides that: The General Assembly hereby declares that its purpose in enacting the language in division (B) of section 2151.011 and divisions (B) and (C) of section 2151.26 of the Revised Code that exists on and after the effective date of this act is to overrule the holding in State v. Adams (1982), 69 Ohio St.2d 120, regarding the effect of binding a child over for trial as an adult.
The trial court's judgment entry, of August 6, 1998, transferred appellant to the general division on the basis that attempted murder is a Category One offense and appellant was at least sixteen years of age at the time he committed the offense. In addition, the juvenile court stated that "[t]he complaints pending alleging Carrying A Concealed Weapon, and felonious assault, and felonious assault with a gun, and possession of marijuana filed out of the same event shall also be transferred to the General Division of this court as required by law." Judgment Entry, Aug. 6, 1998, at 1. It appears from this language that the juvenile court relied on the case of State v. Adams. Under the revised version of R.C. 2151.26, I find that the charges of felonious assault are not Category One offenses subject to mandatory bindover. Therefore, in the case sub judice, since the complaints contain charges subject to both mandatory and discretionary bindover, the juvenile court was required to follow the procedure contained in R.C. 2151.26(C)(4). Under R.C. 2151.26(C)(4), the juvenile court must initially decide if probable cause exists on the mandatory bindover complaint. If probable cause exists for mandatory bindover, the juvenile court shall transfer that case and then decide if probable cause exists on the discretionary bindover complaint. If probable cause exists, the juvenile court must follow the procedures contained in R.C. 2151.26(C) and Juv.R. 30. Therefore, I conclude the trial court did not have jurisdiction over the two counts of felonious assault because the juvenile court did not follow the proper bindover procedure as to these counts. Ohio law is clear that absent a proper bind over procedure, the juvenile court has exclusive subject matter jurisdiction over any case concerning the child who is alleged to be delinquent. State v. Wilson (1995), 73 Ohio St.3d 40, paragraph one of the syllabus. Accordingly, I find the jury's verdict, as it pertains to the two counts of felonious assault, is void ab initio for want of jurisdiction. Finally, I find the charge of possession of marijuana must remain in the juvenile court because the transfer of a felony charge does not relinquish juvenile court jurisdiction over misdemeanors committed by the juvenile. See State ex rel. Duganitz v. Court (1981), 23 O.O. 3d 572, affirmed by 69 Ohio St.2d 270. Accordingly, I would sustain appellant's First Assignment of Error and reverse and remand this matter to the juvenile court.